Filed 11/5/15  P. v. Ambriz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067732 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS272474) |
| CARLOS AMBRIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard III,  Judge.  Affirmed as modified, with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Carlos Ambriz was convicted of two counts of receiving stolen property (counts 2, 8; Pen. Code,[1] § 496, subd. (d)); two counts of unlawfully taking and driving a vehicle (counts 3, 13; Veh. Code, § 10851, subd. (a)); burglary of a motor vehicle (count 9; § 459); attempted unlawful taking and driving of a vehicle (count 10; § 664; Veh. Code, § 10851); and attempted grand theft of an automobile (count 11; §§ 664, 487, subd. (d)(1). Counts 10 and 11 are based on attempts to unlawfully take the same vehicle. Ambriz also admitted two prior prison term enhancements were true. (§ 667.5, subd. (b).)

The Court sentenced Ambriz to a total term of five years eight months in county jail, consisting of the following consecutive terms: two years on count 2; eight months each on counts 3, 8, 9, and 13; and one year for one of the prior prison enhancements. The court imposed a 12-month custodial midterm on counts 10 and 11, but stayed each pursuant to section 654.

## DISCUSSION

On appeal, Ambriz contends his conviction for attempted unlawful taking of a vehicle charged in count 10 must be reversed because it is a lesser included offense of attempted grand theft of a vehicle charged in count 11. Respondent properly concedes the point. A defendant cannot be convicted of grand theft of an automobile and unlawful driving or taking of a vehicle where, as here, both offenses are based on the same act. (*People v. Barrick* (1982) 33 Cal.3d 115, 128.) An attempt to commit either offense

---

[1] All statutory references are to the Penal Code unless otherwise stated.

requires the defendant to take a "direct but ineffective step toward committing" the offense with the intent to commit that offense. (See CALCRIM No. 460 [Attempt]; § 664.) It therefore follows that attempted unlawful driving or taking of a vehicle is a lesser included offense of attempted grand theft of an automobile when both crimes are based on the same act, the attempted unlawful taking of the same vehicle.

## DISPOSITION

The judgment is modified by striking the conviction for attempted unlawful driving or taking of a vehicle (§ 664; Veh. Code, § 10851) as charged in count 10. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward the amended abstract of judgment to the San Diego County Sheriff's Department.

PRAGER, J.[*]

WE CONCUR:

NARES, Acting P. J.

AARON, J.

---

[*] Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3